NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GILBERT L. GARRIDO,

                Plaintiff - Appellant,

     v.

RAYTHEON COMPANY,

                Defendant - Appellee.

No. 13-55745

D.C. No. 2:12-cv-03825-GAF-RZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted April 7, 2015[**]

Before:    FISHER, TALLMAN, and NGUYEN, Circuit Judges.

    Gilbert L. Garrido appeals pro se from the district court's summary judgment in his diversity action alleging employment discrimination and retaliation claims under California's Fair Employment Housing Act ("FEHA"). He alleged that he was illegally underpaid and terminated. We have jurisdiction under 28

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Garrido's racial discrimination claim because Garrido failed to raise a genuine dispute of material fact as to whether he performed his job satisfactorily or whether similarly situated individuals outside his protected class were treated more favorably. *See Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113-14 (2000) (setting forth elements of prima facie case of discrimination).

The district court properly granted summary judgment on Garrido's retaliation claim because Garrido failed to raise a genuine dispute of material fact as to whether there was a causal link between any protected activity and the adverse employment action. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2004) (elements of a prima facie case of retaliation under Title VII); *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003) (employer's knowledge of protected activity necessary for causation); *see also Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007) ("California courts apply the Title VII framework to claims brought under FEHA.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

13-55745